UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY BLEDSOE, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:19cv3122 SNLJ |
| vs. | ) |
| DELTA OUTSOURCE GROUP, INC., | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's second motion to compel discovery and for attorney's fees. [#28.] Plaintiff seeks answers from defendant to plaintiff's interrogatories Nos. 3, 6, 7, 12, 13, 15, and 16 and Request for Production No. 1. Plaintiff's motion referred to a memorandum in support and exhibits, but no such memorandum was filed until after defendant filed its response memorandum. Then defendant responded, again, to the late-filed memorandum.

Defendant suggests that plaintiff's troubles stem from the fact that plaintiff has targeted the wrong entity for discovery. Defendant states that it has disclosed the information that it has that is responsive to the interrogatories. This matter involves an effort by defendant to collect a debt owed by plaintiff to Vantage Credit Union ("VCU"), which is a nonparty to this lawsuit. Defendant maintains that some of plaintiff's requests should have been directed to VCU and not to defendant.

Notably, plaintiff did not reply to defendant's final memorandum. It appears to the Court that defendant has, with one exception, appropriately responded to the discovery requests.  The exception is Interrogatory No. 16.  That interrogatory states: "Describe all agreements and correspondence related to the itemization and calculation of both the $752 and roughly $1,500 you were attempting to collect on this account."  Defendant's response was "The debt's owner stated to Defendant that this is the amount owed."  That answer seems incomplete.  Although it is likely that defendant did not itemize or calculate the debt due, there surely are agreements and/or correspondence between defendant and VCU that go to this question.  There must have at least been some correspondence by which VCU told defendant the amount it sought to collect from plaintiff.  But defendant does not, in its answer to Interrogatory No. 16, refer or direct plaintiff to those documents, nor does defendant respond that such documents do not exist.

As a result, this Court will grant the motion to compel in part.  The Court declines to award attorneys' fees, however, in light of the filing irregularities with respect to the memorandum in support, its attachments, and plaintiff's failure to explain his late submission.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion to compel [#28] is DENIED in part and GRANTED in part.

IT IS FURTHER ORDERED that defendant shall fully respond to plaintiff's Interrogatory No. 16 in accordance with this memorandum by October 12, 2020.

Dated this 28th day of September, 2020.

                                                                                                                   _____
                                            STEPHEN N. LIMBAUGH, JR.
                                            SENIOR UNITED STATES DISTRICT JUDGE